# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50037 | **DATE** | August 27, 2010 |
| **CASE TITLE** | Robert D. Walker (#92012) vs. M. Garnhart | | |

**DOCKET ENTRY TEXT**

The stay in this case is lifted. The Clerk shall dismiss Defendants Garnhart and the City of Rockford Police Department. The Court appoints Rene Hernandez, Attorney at Law, 1625 East State Street, Rockford, Illinois 61104, (815) 387-0261, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. This case is set for an initial status conference before Magistrate Mahoney on September 10, 2010 at 1:30 p.m.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff, Robert Walker, an inmate in the custody of the Winnebago Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 17, 2010, Plaintiff was allowed to proceed *in forma pauperis* and the case was stayed pending the completion of the state criminal proceedings related to his claims. Plaintiff has now informed the Court that his state court criminal proceedings are complete and that he would like to proceed with his civil suit. Accordingly, the stay is lifted.
  Plaintiff has also submitted an amended complaint. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of Plaintiff's submitted amended complaint brought against governmental entities or employees.
  Plaintiff alleges that on September 16, 2009, he got a flat tire while driving home. Because he was close to his home, Plaintiff drove to his home instead of changing the tire. After pulling his vehicle into his garage, Plaintiff noticed that a Rockford police officer, Officer J. Washington, pulled his squad car behind Plaintiff's vehicle. After asking Plaintiff why he was driving with a flat tire, the officer placed Plaintiff in the back seat of the squad car and "ran" Plaintiff's name through the computer. The officer then went into Plaintiff's garage and looked at Plaintiff's vehicle. When he returned, the officer asked Plaintiff if he had kicked the window of the squad car because he saw a footprint on the window. Plaintiff told him he did not kick the window but the officer pulled Plaintiff from the squad car, handcuffed him, and made him sit on the ground. The officer took pictures of the window and Plaintiff's vehicle. The officer then searched Plaintiff's vehicle. Plaintiff told the officer that he did not want him searching his car and Plaintiff began arguing with the officer because he thought he was being harassed due to his past criminal history. The officer informed Plaintiff that he was under arrest and Plaintiff was taken to jail. Officer Garnhart transported Plaintiff to the Winnebago County Jail. Subsequently, a $300,000 bond issued for Plaintiff. Approximately thirty days later, Plaintiff was charged with aggravated intimidation of a police officer. Plaintiff states that he is bringing claims for wrongful detainment, illegal search and seizure, false arrest, malicious prosecution, and excessive bail bond.

## STATEMENT

Plaintiff now names Officer Garnhart, Officer Washington, and the City of Rockford Police Department as Defendants.

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

Here, Plaintiff alleges that Officer Washington was involved in the alleged violation of his constitutional rights. However, he has failed to allege that Officer Garnhart was involved in any alleged constitutional violation; simply transporting Plaintiff to jail following his arrest by Officer Washington does not state a claim.

As to his claims against the City of Rockford Police Department; claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not make any allegations for liability to attach to the City of Rockford Police Department. Accordingly, Officer Garnhart and the City of Rockford Police Department are dismissed as Defendants.

Furthermore, Plaintiff cannot proceed on his claim for excessive bail bond in this civil suit against Officer Washington. *See Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974).

Based on the above, Plaintiff's amended complaint is accepted. Plaintiff may proceed on his claims against Officer Washington in his individual capacity. Plaintiff's excessive bail bond claim is dismissed.

The Court appoints Rene Hernandez, Attorney at Law, 1625 East State Street, Rockford, Illinois 61104, (815) 387-0261, as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the Court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify the Defendant of the commencement of the action and to request waiver of service of summons. The notices shall be directed to the named Defendant employed by the City of Rockford Police Department.